# Supreme Court of Florida

---

No. SC2025-1036

---

**IN RE: AMENDMENTS TO FLORIDA RULE OF CRIMINAL
PROCEDURE 3.992.**

October 23, 2025
**CORRECTED OPINION**

PER CURIAM.

The Criminal Court Steering Committee (CCSC) filed a report

proposing amendments to Florida Rule of Criminal Procedure 3.992

(Criminal Punishment Code Scoresheet).[1]  This report was filed in

response to recent changes to section 921.0024(1), Florida Statutes

(2024), that became effective July 1, 2025, and October 1, 2025.

*See* ch. 2025-75, §§ 3-4, Laws of Fla.; ch. 2025-102, §§ 3-4, Laws of

Fla.

After considering the report, we hereby amend rule 3.992 as

proposed by the CCSC.  First, we amend subdivision (a), section IX.

ENHANCEMENTS, to add a 1.25 multiplier for Aggravated Animal

---

    1.  We have jurisdiction.  *See* art. V, § 2(a), Fla. Const.; *see
also* Fla. R. Gen. Prac. & Jud. Admin. 2.140(b).

Cruelty and a 1.5 multiplier for Fleeing or Attempting to Elude or Aggravated Fleeing or Eluding. Next, we amend the web address linking to the Criminal Punishment Code Scoresheet Preparation Manual in subdivision (a) because the current link is no longer valid. We also amend a heading in subdivision (b), section IV. PRIOR RECORD to "DESCRIPTION" so that it matches subdivision (a), section IV. PRIOR RECORD. Finally, we amend the title for subdivision (b), section II. to "ADDITIONAL OFFENSE(S)" instead of "ADDITIONAL OFFENSES(S)."

The Court hereby amends the Florida Rules of Criminal Procedure as reflected in the appendix to this opinion. Because of the nature of the scoresheet and to avoid confusion, the amendments are not indicated by underscoring or struck-through type but are directly incorporated into the forms. The amendments to the rule shall become effective immediately.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Criminal Procedure

Judge Joseph A. Bulone, Chair, Criminal Court Steering Committee, Clearwater, Florida, and Bart Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

for Petitioner

# Rule 3.992. Criminal Punishment Code Scoresheet

**(a) Criminal Punishment Code Scoresheet.** The Criminal Punishment Code Scoresheet Preparation Manual is available at: https://www.fdc.myflorida.com/statistics-and-publications

| 1. DATE OF SENTENCE | 2. PREPARER'S NAME | | 3. COUNTY | 4. SENTENCING JUDGE | |
|---|---|---|---|---|---|
| 5. NAME (LAST, FIRST, MI.I.) | | 6. DOB | 8. RACE ☐B ☐W ☐OTHER | 10. PRIMARY OFF. DATE | 12. PLEA ☐ |
| | | 7. DC # | 9. GENDER ☐M ☐F | 11. PRIMARY DOCKET # | TRIAL ☐ |

**I.  PRIMARY OFFENSE:** If Qualifier, please check ____A ____S ____C ____R (A=Attempt, S=Solicitation, C=Conspiracy, R=Reclassification)

| FELONY DEGREE | F.S.# | DESCRIPTION | OFFENSE LEVEL | **POINTS** |
|---|---|---|---|---|
| _____ / | _____ / | _____ / | _____ / | |

(Level - Points: 1=4, 2=10, 3=16, 4=22, 5=28, 6=36, 7=56, 8=74, 9=92, 10=116)

Prior capital felony triples Primary Offense points ☐            **I.** _____

**II.  ADDITIONAL OFFENSE(S):** Supplemental page attached ☐

| DOCKET# | FEL/MM DEGREE | F.S.# | OFFENSE LEVEL | QUALIFY A S C R | COUNTS | | POINTS | | TOTAL |
|---|---|---|---|---|---|---|---|---|---|
| _____ / | _____ / | _____ / | _____ | ☐ ☐ ☐ ☐ | _____ | x | _____ | = | _____ |
| DESCRIPTION _____ | | | | | | | | | |
| _____ / | _____ / | _____ / | _____ | ☐ ☐ ☐ ☐ | | x | | = | |
| DESCRIPTION _____ | | | | | | | | | |
| _____ / | _____ / | _____ / | _____ | ☐ ☐ ☐ ☐ | | x | | = | |
| DESCRIPTION _____ | | | | | | | | | |
| _____ / | _____ / | _____ / | _____ | ☐ ☐ ☐ ☐ | | x | | = | |
| DESCRIPTION _____ | | | | | | | | | |

(Level - Points: M=0.2, 1=0.7, 2=1.2, 3=2.4, 4=3.6, 5=5.4, 6=18, 7=28, 8=37, 9=46, 10=58)

Prior capital felony triples Additional Offense points ☐        Supplemental page points _____

**II.** _____

**III.  VICTIM INJURY:**

| | | Number | | Total | | | Number | | Total |
|---|---|---|---|---|---|---|---|---|---|
| 2nd Degree Murder | 240 x | _____ | = | _____ | Slight | 4 x | _____ | = | _____ |
| Death | 120 x | _____ | = | _____ | Sex Penetration | 80 x | _____ | = | _____ |
| Severe | 40 x | _____ | = | _____ | Sex Contact | 40 x | _____ | = | _____ |
| Moderate | 18 x | _____ | = | _____ | | | | | |

**III.** _____

**IV.  PRIOR RECORD:** Supplemental page attached ☐

| FEL/MM DEGREE | F.S.# | OFFENSE LEVEL | QUALIFY: A S C R | DESCRIPTION | NUMBER | POINTS | TOTAL |
|---|---|---|---|---|---|---|---|
| _____ | _____ | _____ | ☐☐☐☐ | _____ | _____ X | _____ | = _____ |
| _____ | _____ | _____ | ☐☐☐☐ | _____ | _____ X | _____ | = _____ |
| _____ | _____ | _____ | ☐☐☐☐ | _____ | _____ X | _____ | = _____ |
| _____ | _____ | _____ | ☐☐☐☐ | _____ | _____ X | _____ | = _____ |
| _____ | _____ | _____ | ☐☐☐☐ | _____ | _____ X | _____ | = _____ |
| _____ | _____ | _____ | ☐☐☐☐ | _____ | _____ X | _____ | = _____ |
| _____ | _____ | _____ | ☐☐☐☐ | _____ | _____ X | _____ | = _____ |
| _____ | _____ | _____ | ☐☐☐☐ | _____ | _____ X | _____ | = _____ |
| _____ | _____ | _____ | ☐☐☐☐ | _____ | _____ X | _____ | = _____ |

(Level = Points: M=0.2, 1=0.5, 2=0.8, 3=1.6, 4=2.4, 5=3.6, 6=9, 7=14, 8=19, 9=23, 10=29)

Supplemental page points _____

**IV.** _____

**Page 1 Subtotal:** _____

Effective Date:  For offenses committed under the Criminal Punishment Code effective for offenses committed on or after October 1, 1998, and subsequent revisions.

| NAME (LAST, FIRST, MI) | DOCKET # |
|---|---|
| | |

Page 1 Subtotal: _____

**V. LEGAL STATUS VIOLATION** = 4 Points
☐ Escape ☐ Fleeing ☐ Failure to Appear ☐ Supersedeas Bond ☐ Incarceration ☐ Pretrial Intervention or Diversion Program
☐ Court Imposed or Post Prison Release Community Supervision Resulting in a Conviction          **V.** _____

**VI. COMMUNITY SANCTION VIOLATION BEFORE THE COURT FOR SENTENCING**
☐ Probation ☐ Community Control ☐ Pretrial Intervention or Diversion          **VI.** _____

☐ 6 points for any violation other than new felony conviction x _____ each successive violation OR

☐ New felony conviction = 12 points x _____ each successive violation if new offense results in conviction before or at same time as sentence for violation of probation OR

☐ 12 points x _____ each successive violation for a violent felony offender of special concern when the violation is not based solely on failure to pay costs, fines, or restitution OR

☐ New felony conviction = 24 points x _____ each successive violation for a violent felony offender of special concern if new offense results in a conviction before or at the same time for violation of probation

**VII. FIREARM/SEMI-AUTOMATIC OR MACHINE GUN** = 18 or 25 Points          **VII.** _____

**VIII. PRIOR SERIOUS FELONY** = 30 Points          **VIII.** _____

Subtotal Sentence Points _____

**IX. ENHANCEMENTS** (only if primary offense qualifies for enhancement)
Specified Justice System Personnel _____ x 1.5 _____ x. 2.0 _____ x 2.5
Drug Trafficking _____ x. 1.5
Motor Vehicle Theft _____ x 1.5
Criminal Gang Offense _____ x 1.5
Domestic Violence in Presence of Related Child _____ x 1.5
Adult-on-Minor Sex Offense _____ x 2.0
Aggravated Animal Cruelty _____ x 1.25
Fleeing/Aggravated Fleeing _____ x 1.5

Enhanced Subtotal Sentence Points <b>IX.</b> _____<br>
<b>TOTAL SENTENCE POINTS</b> _____

## SENTENCE COMPUTATION

If total sentence points are less than or equal to 44, the lowest permissible sentence is any non-state prison sanction. If the total sentence points are 22 points or less, see Section 775.082(10), Florida Statutes, to determine if the court must sentence the offender to a non-state prison sanction.

If total sentence points are greater than 44:

_____ minus 28 = _____ x .75 = _____
total sentence points                                                lowest permissible prison sentence in months

If total sentence points are 60 points or less and court makes findings pursuant to both Florida Statute 948.20 and 397.334(3), the court may place the defendant into a treatment-based drug court program.

The maximum sentence for each individual felony offense is the statutory maximum as provided in s. 775.082, F.S., unless the lowest permissible sentence listed above exceeds the statutory maximum for that offense. If the lowest permissible sentence exceeds the statutory maximum for an individual felony offense, the lowest permissible sentence replaces the statutory maximum and must be imposed for that offense. *See State v. Gabriel*, 314 So. 3d 1243 (Fla. 2021). Sentences for multiple felony offenses may be imposed concurrently or consecutively. If total sentence points are greater than or equal to 363, a life sentence may be imposed.

Primary offense: _____
Description                                                Maximum sentence in years

Additional offense: _____
Description                                                Maximum sentence in years

Additional offense: _____
Description                                                Maximum sentence in years

Additional offense: _____
Description                                                Maximum sentence in years

Total maximum sentence in years for all counts above if consecutive sentences imposed: _____

**TOTAL SENTENCE IMPOSED**

|  |  | Years | Months | Days |
|---|---|---|---|---|

☐ State Prison ☐ Life _____ _____ _____

☐ County Jail ☐ Time Served _____ _____ _____

☐ Community Control _____ _____ _____

☐ Probation ☐ Modified _____ _____ _____

Please check if sentenced as ☐ Habitual Offender, ☐ Habitual Violent Offender, ☐ Violent Career Criminal, ☐ Prison Releasee Reoffender, or a ☐ Mandatory Minimum Applies.

☐ Mitigated Departure ☐ Plea Bargain ☐ Prison Diversion Program

☐ Other Reason(s): _____

| **JUDGE'S SIGNATURE** | |
|---|---|

Effective Date: For offenses committed under the Criminal Punishment Code effective for offenses committed on or after October 1, 1998, and subsequent revisions.

## (b) Supplemental Criminal Punishment Code Scoresheet

| NAME (LAST, FIRST, MI.I) | DOCKET # | DATE OF SENTENCE |
|---|---|---|
| | | |

**II. ADDITIONAL OFFENSE(S):**

| DOCKET# | FEL/MM DEGREE | F.S.# | OFFENSE LEVEL | QUALIFY A S C R | COUNTS | POINTS | TOTAL |
|---|---|---|---|---|---|---|---|
| _____/ | _____/ | _____/ | _____ | ☐ ☐ ☐ ☐ | _____ x | _____ = | _____ |

DESCRIPTION_____

| _____/ | _____/ | _____/ | _____ | ☐ ☐ ☐ ☐ | _____ x | _____ = | _____ |

DESCRIPTION_____

| _____/ | _____/ | _____/ | _____ | ☐ ☐ ☐ ☐ | _____ x | _____ = | _____ |

DESCRIPTION_____

| _____/ | _____/ | _____/ | _____ | ☐ ☐ ☐ ☐ | _____ x | _____ = | _____ |

DESCRIPTION_____

| _____/ | _____/ | _____/ | _____ | ☐ ☐ ☐ ☐ | _____ x | _____ = | _____ |

DESCRIPTION_____

(Level - Points: M=0.2, 1=0.7, 2=1.2, 3=2.4, 4=3.6, 5=5.4, 6=18, 7=28, 8=37, 9=46, 10=58)

**II. _____**

**IV. PRIOR RECORD**

| FEL/MM DEGREE | F.S.# | OFFENSE LEVEL | QUALIFY: A S C R | DESCRIPTION | NUMBER | POINTS | TOTAL |
|---|---|---|---|---|---|---|---|
| _____ | _____ | _____ | ☐ ☐ ☐ ☐ | _____ | _____ X | _____ = | _____ |
| _____ | _____ | _____ | ☐ ☐ ☐ ☐ | _____ | _____ X | _____ = | _____ |
| _____ | _____ | _____ | ☐ ☐ ☐ ☐ | _____ | _____ X | _____ = | _____ |
| _____ | _____ | _____ | ☐ ☐ ☐ ☐ | _____ | _____ X | _____ = | _____ |
| _____ | _____ | _____ | ☐ ☐ ☐ ☐ | _____ | _____ X | _____ = | _____ |
| _____ | _____ | _____ | ☐ ☐ ☐ ☐ | _____ | _____ X | _____ = | _____ |
| _____ | _____ | _____ | ☐ ☐ ☐ ☐ | _____ | _____ X | _____ = | _____ |
| _____ | _____ | _____ | ☐ ☐ ☐ ☐ | _____ | _____ X | _____ = | _____ |
| _____ | _____ | _____ | ☐ ☐ ☐ ☐ | _____ | _____ X | _____ = | _____ |

(Level = Points: M=0.2, 1=0.5, 2=0.8, 3=1.6, 4=2.4, 5=3.6, 6=9, 7=14, 8=19, 9=23, 10=29)

**IV. _____**

### REASONS FOR DEPARTURE - MITIGATING CIRCUMSTANCES
#### (reasons may be checked here or written on the scoresheet)

☐ Legitimate, uncoerced plea bargain.

☐ The defendant was an accomplice to the offense and was a relatively minor participant in the criminal conduct.

☐ The capacity of the defendant to appreciate the criminal nature of the conduct or to conform that conduct to the requirements of law was substantially impaired.

☐ The defendant requires specialized treatment for a mental disorder that is unrelated to substance abuse or addiction, or for a physical disability, and the defendant is amenable to treatment.

☐ The need for payment of restitution to the victim outweighs the need for a prison sentence.

☐ The victim was an initiator, willing participant, aggressor, or provoker of the incident.

☐ The defendant acted under extreme duress or under the domination of another person.

☐ Before the identity of the defendant was determined, the victim was substantially compensated.

☐ The defendant cooperated with the State to resolve the current offense or any other offense.

☐ The offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse.

☐ At the time of the offense the defendant was too young to appreciate the consequences of the offense.

☐ The defendant is to be sentenced as a youthful offender.

☐ The defendant is amenable to the services of a postadjudicatory treatment-based drug court program and is otherwise qualified to participate in the program.

☐ The defendant was making a good faith effort to obtain or provide medical assistance for an individual experiencing a drug-related overdose.

☐ Other Reason(s): _____

Pursuant to 921.0026(3) the defendant's substance abuse or addiction does not justify a downward departure from the lowest permissible sentence, except for the provisions of s. 921.0026(2)(m).

Effective Date: For offenses committed under the Criminal Punishment Code effective for offenses committed on or after October 1, 1998, and subsequent revisions.